IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHANTA DAVIS, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | No. 3-09-CV-0860-N (BF) |
| | § | |
| WORLD FINANCIAL NETWORK | § | |
| NATIONAL BANK, | § | |
|    Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management. Before the Court for Findings, Conclusions, and Recommendation is the Motion to Dismiss ("Motion," doc. 3) of World Financial Network National Bank ("WFNNB"). WFNNB requests the Court to dismiss Plaintiff Ashanta Davis's ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff failed to respond to the Motion.

**Background**

Plaintiff filed suit against WFNNB on March 31, 2009, in the 192nd Judicial District, Dallas County, Texas, Cause No. 09-03751. (Compl. at 1.) On April 8, 2009, WFNNB removed the case to this Court based on federal question jurisdiction. (Doc. 1.) Plaintiff's two-page complaint lists Beall account number 5856373936608426 and seeks an order "authorizing the removal of all incorrect credit data." (Compl. at 1.) Plaintiff alleges that WFNNB has "violated the U.S. COURT OF APPEALS, NINTH CIRCUIT, No. 0015964[sic], Nelson vs. Chase Manhattan." (*Id*.) Plaintiff requests the Court to order WFNNB "to stop reporting all incorrect credit information" and "permanently remove all incorrect information from the files of Equifax, Transunion, Innovis, and

Experian credit reporting services ." (*Id*. at 2.) Plaintiff alleges no facts in support of the claim.

## **Dismissal for Failure to State a Claim**

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

**Fair Credit Reporting Act ("FCRA")**

The FCRA creates various obligations for consumer credit reporting agencies, furnishers of credit information to consumer credit reporting agencies, and users of consumer credit reports. Civil liability statutes provide enforcement, and actions may be brought by appropriate government officials or by private individuals and entities, depending upon the sections to be enforced. For example, §1681n provides that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any damages sustained by that consumer . . . of not less than $1000" plus reasonable attorney's fees. 15 U.S.C. § 1681n. Similarly, 1681o establishes liability for any person who negligently fails to comply. 15 U.S.C. § 1681o. Section 1681s-2(b) of the act imposes a duty on a furnisher of information to conduct an investigation with respect to any disputes and report the results of that investigation to the consumer reporting agency. 15 U.S.C.§ 1681s-2(b).

In *Nelson v. Chase Manhattan Mortgage Corporation*, the case cited in Plaintiff's Complaint, the Ninth Circuit Court of Appeals construes certain provisions of the FCRA that deal with the duties of furnishers of information. 282 F.3d 1057, 1059-60 (9th Cir. 2002); 15 U.S.C. § 1681s-2(a) and (b). Section 1681s-2(a) sets forth the duty for furnishers of information to provide accurate information to a consumer reporting agency. 15 U.S.C. § 1681s-2(a). The Ninth Circuit reaffirmed in *Nelson* the well-settled principle that a consumer has no private right of action against a furnisher of information for violations of 1681s-2(a). *Nelson*, 282 F.3d at 1059; *see also* 15 U.S.C. § 1681s-2(c), (d). Section 1681s-2 (c) expressly states that the civil liability provisions of sections n and o of §1681 do not apply to violations of section 1681s-2(a), except for certain suits by States for damages. *Id*.; 15 U.S.C. § 1681s-2 (c). Further, § 1681s-2(d) provides that 1681s-2(a) "shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and

the State officials identified in that section." *Id*.; 15 U.S.C. § 1681s-2(d). As such, it is clear that the FCRA prohibits a private right of action based upon alleged violations of 15 U.S.C. § 1681s-2(a), and limits the enforcement authority exclusively to state and federal government agencies. *Id. See also Davis v. Sallie Mae, Inc*., No. 3:09-CV-00821-B, 2009 WL 2525303, at *2 (N.D.Tex. Aug. 18, 2009); *Carlson v. Trans Union LLC*, 259 F.Supp.2d 517, 519 (N.D. Tex. 2003).

Section 1681s-2(b) sets forth the duties of furnishers of information once a consumer reporting agency gives the furnisher notice of a consumer's dispute over the completeness or accuracy of information provided by the furnisher to the consumer reporting agency. 15 U.S.C. § 1681s-2(b); *Nelson*, 282 F.3d at 1059; *Notley v. Sterling Bank*, No. 3:06-CV-0536-G, 2007 WL 603411, at *1, *3 (N.D. Tex. Feb.27, 2007). The Ninth Circuit held In *Nelson,* based upon the plain language of the statute and the FCRA's legislative history, that Congress intended a private right of action against "any person," including a furnisher of information, for violations of § 1681s-2(b) of the FCRA. *Id*. at 1060. Other circuit courts are in agreement with the Ninth Circuit. *See Peart v. Shippie*, No. 08-17270, 2009 WL 2435211, at *1 (11th Cir. Aug. 11, 2009) (holding § 1681s-2(b) "can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency."); *Bach v. First Union Nat. Bank*, No. 04-3899, 149 F. App'x 354, 358-59 (6th Cir. Aug. 22, 2005) (deciding that a consumer may recover damages from a furnisher for a willful violation of § 1681s-2(b)(1)(A-D)).

The Fifth Circuit has expressly declined to address whether a private right of action exists under 1681s-2(b), although stating in dicta that the FCRA appears to impose civil liability on "any person" violating a duty under 1681s-2(b). *Young v. Equifax Credit Information Services*, 294 F.3d 631, 639 (5th Cir.2002). Nevertheless, many federal courts in this circuit have held that 1681s-2(b) creates a private right of action. *See Davis v. Sallie Mae, Inc*., No. 3:09-CV-00821-B, 2009 WL

2525303, at *2 (N.D.Tex. Aug. 18, 2009) and cases cited therein.

Plaintiff brought three almost identical actions in state court, and all three have been removed to this Court. *Compare Davis v. Sallie Mae, Inc.*, No. 3:09-CV-00821-B, 2009 WL 2525303, at *2 (N.D.Tex. Aug. 18, 2009) and *Davis v. Nissan Motor Acceptance Corporation*, No. 3:09-CV-00869-L (N.D. Tex. May 8, 2009) to this case. In *Sallie Mae*, the Hon. Jane J. Boyle found that Plaintiff failed to state a claim upon which relief could be granted based upon the same ground that Defendant raises here. Although the District Court granted Plaintiff leave to amend the Complaint, the District Court dismissed the case with prejudice when Plaintiff failed to comply. (*Id.*, Order of 9/4/09).

## **Analysis**

Plaintiff's Complaint does not contain a short statement of the facts that entitle Plaintiff to relief as required by Fed. R. Civ. P. 8(a). However, the Court discerns that all of Plaintiff's claims in this case are based upon WFNNB's allegedly inaccurate reporting to the credit reporting agencies of its experience with Plaintiff's Bealls' credit card account. (Compl.) The allegation that WFNNB is reporting inaccurately to the credit reporting agencies also forms the foundation for Plaintiff's claim for injunctive relief. Plaintiff seeks an order from the court requiring WFNNB to remove "all incorrect credit data." (*Id.*) Plaintiff's claims are all based upon WFNNB's duties as a furnisher, and thus the claims are governed by § 1681s-2 of the FCRA. *See Green v. RBS Nat'l Bank,* No. 08-10889, 2008 WL 2957118, * 1 (11th Cir. Aug. 4, 2008).

### **Plaintiff fails to state a claim under § 1681-2(a)**.

No private right of action exists under § 1681-2(a) which requires that furnishers provide "accurate information" to credit reporting agencies and prohibits them from reporting inaccurate information. 15 U.S.C. § 1681s-2(a)(1). Therefore, no set of facts would render WFNNB liable

5

under § 1681-2(a). Accordingly, Plaintiff fails to state a claim under § 1681s-2(a).

### **Plaintiff fails to state a claim for injunctive relief.**

By requesting in the prayer for relief that the Court "order" WFNNB to stop reporting information and to "remove" incorrect information, it appears that Davis seeks injunctive relief. However, the Fifth Circuit has unequivocally held that injunctive relief is not available to private litigants under the FCRA. *See Washington v. CSC Credit Services*, 199 F.3d 263, 268 (5th Cir. 2000)). The FCRA's civil liability provisions "expressly refer to damages and attorney fees without mentioning injunctive relief." *Id*. Therefore, to the extent that Plaintiff seeks injunctive relief under the FCRA, Plaintiff also fails to state a claim as a matter of law.

### **Plaintiff fails to state a claim under § 1681s-2(b)**.

This Court agrees with the reasoning in *Sallie Mae* that while a furnisher of information may have liability for violations of §1681s-2(b), no liability for any alleged violation arises until a consumer reporting agency reports an inaccuracy to the furnisher and the furnisher fails to correct the error. *Sallie Mae*, 2009 WL 2525303, at *4. *See e.g. Young*, 294 F.3d at 639-40. A viable claim under § 1681s-2(b) requires that the furnisher receive notice of the consumer's dispute from a "consumer reporting agency." *Id.* Thus, notice from a credit reporting agency pursuant to § 1681i(a)(2) is an essential element in any claim under section 1681s-2(b). Plaintiff does not allege any notice to a credit reporting agency of any dispute regarding the information furnished by WFNNB. (Compl. at 1-2.) Nor does the Complaint allege that any credit reporting agency ever notified WFNNB of Plaintiff's dispute. (*Id.*) Plaintiff's Complaint fails to state a claim under the FCRA in the absence of the essential elements of a section 1681s-2(b) claim. However, Plaintiff might be able to cure this deficiency by filing an amended complaint. Therefore, the District Court should allow Davis an opportunity to amend the complaint. *See Hart*, 199 F.3d at 248 n.6.

## **RECOMMENDATION**

This Court recommends that the District Court grant WFNNB's 12(b)(6) Motion to Dismiss, unless, within ten days of the Order Adopting these Findings, Conclusions, and Recommendation, Plaintiff files a First Amended Complaint which alleges facts to show that a credit reporting agency notified WFNNB of a dispute by Plaintiff.  If Plaintiff fails to file a proper First Amended Complaint within ten days of the Order, WFNNB's  Motion to Dismiss should be granted, and Plaintiff's Complaint against WFNNB should be dismissed with prejudice.

SO RECOMMENDED, September 15, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE